**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**NORMAN LEE. JR.,**

**Petitioner,**

**v.**

**JENNIFER SAAD, Warden,**

**Respondent**.

**Civil No.: 5:18CV181
JUDGE STAMP**

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

On November 5, 2018, the pro se Petitioner, Norman Lee ("Lee") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1. On November 7, 2018, Lee paid the $5 filing fee. ECF No. 4. Lee is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the District of Maryland.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On May 11, 2012, a  criminal complaint was filed against Lee in the United States District Court for the District of Maryland charging that he had knowingly, intentionally,

---

[1]  Unless otherwise noted, the information in this section is taken from Lee's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Lee, No. 8:12-cr-00493-RWT ).  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

and unlawfully conspired to possess with intent to distribute 100 grams or more of Phencyclidine in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. A one count information was filed on September 13, 2012, charging the same criminal behavior and including a forfeiture allegation. ECF No. 13.  On October 1, 2012, pursuant to a plea agreement[2], Lee pleaded guilty.  ECF No. 17. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report and determined that Lee was a career offender under U.S.S.G. § 4B1.1. After finding Lee to be a career offender, the Court determined that Lee's base offense level was 34. When combined with the other guideline applications, Lee's final offense level was calculated to be 31. Lee's criminal history category was VI, resulting in a guideline sentencing range of 188 to 235 months. ECF No. 39 at 1. On June 25, 2013, judgment was entered, and Lee was sentenced to 188 months imprisonment to be followed by four years of supervised release. ECF No. 25.

**B. Direct Appeal**

On July 1, 2013, Lee filed an appeal asserting this his sentence was substantively and procedurally unreasonable under the advisory guidelines and the statutory dictate of 18 U.S.C. § 3553(a). On March 27, 2014, the Fourth Circuit dismissed the appeal based on the waiver in Lee's plea agreement. United States v. Lee, 563 F. App'x 233,

---

[2] Paragraph Nine of the agreement provided as follows:
> In exchange for the Defendant's plea of guilty, pursuant to this plea agreement, this Office agrees not to file a notice of the Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851. Accordingly, this Office will not rely on the Defendant's prior felony drug convictions to enhance the mandatory minimum sentence to which the Defendant is subject. Nothing in this paragraph, however, shall be construed to prevent the Court from relying on any of the Defendant's prior convictions to calculate the Defendant's criminal history under the sentencing guidelines or in determining whether he is a career offender.

ECF No. 17 at 5.

234 (4th Cir. 2014). The Fourth Circuit also noted  that it had "examined the entire record in accordance with the requirements of <u>Anders</u> and had found no meritorious issues for appeal." <u>Id.</u>

### C. Motion to Vacate under 28 U.S.C. § 2255

On July 5, 2017, Lee filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 37. In his motion, Lee claimed that he was entitled to relief pursuant to the decision in <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), which he claimed was made retroactively applicable to cases on collateral review by <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016) and <u>Holt v. United States</u>, 843 F.2d 720 (7th Cir. 2016). Accordingly, Lee argued that one-year statute of limitations for filing his § 2255 did not begin to run until <u>Mathis</u> was handed down by the Supreme Court of June 23, 2016. <u>Id.</u> at 37, 40. The District Court found that Lee could not utilize § 2255(f)(3) to justify his late filing because <u>Mathis</u> did not set forth a new rule of constitutional law and multiple appellate courts had observed that the ruling in <u>Mathis</u> did not recognize a new right or rule nor was it retroactive. Accordingly, the District Court dismissed the § 2255 as being filed beyond the statute of limitations and declined to issue of certificate of appealability. ECF No. 42.

### D. WHITE'S CLAIMS

In support of his § 2241 petition before this Court, Lee alleges that his prior conviction for "attempt to possess with intent to distribute" in the D.C. Superior Court is too broad to fit the generic federal offense, and he has a claim of "actual innocence" for this prior offense. ECF No. 1 at 5. In addition, Lee alleges that the predicate offense of "attempt to possess with intent to distribute" is listed in the commentary section of the guidelines not in the body of the text. He argues that recent court decisions state that the

commentary section cannot be used to create a crime. Therefore, he alleges that he has a second claim for "actual innocence" of his career offender enhancement. Id. at 6. As a third ground for relief, Lee alleges that the sentencing transcript establishes that the District Court did not have the proper information to qualify his prior crimes as predicate offenses for purposes of a career offender enhancement. Finally, Lee alleges that his counsel was ineffective which resulted in a sentence that is 177 months longer than he otherwise would have received. Id. at 7. For relief, Lee requests that this Court grant his petition, vacate his sentence as a career offender and grant him immediate release. In addition, Lee requests relief pursuant to Amendment 782 for which he was previously ineligible.[3]

### III.    LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Lee's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules

---

[3] On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that revised the guidelines applicable to drug trafficking offenses. Specifically, the amendment reduced by two levels the offense levels assigned to drug quantities. Amendment 782 became effective on November 1, 2014, and the Commission later voted to make this amendment retroactive. To the extent that Lee may be entitled to relief under this amendment, he must file a motion with his sentencing court.

Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a pro se litigant, Lee's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Lee is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## IV.    ANALYSIS

Although Lee does not raise the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Lee meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and

---

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

"an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id.   When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id.   In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Lee was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Lee cannot satisfy the savings clause of § 2255(e) under  Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Lee shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Lee by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 10, 2019

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE