IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NORMAN LEE, JR.,

    Petitioner,

v.                                           Civil Action No. 5:18CV181
                                                      (STAMP)
JENNIFER SAAD, Warden,
FCI Gilmer,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I. Procedural History

The pro se[1] petitioner, Norman Lee, Jr. ("Lee"), an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence from the United States District Court for the District of Maryland. ECF No. 1. Petitioner contends that he is actually innocent of being a career offender, and was improperly classified as such. Id. at 5-6. Additionally, Lee claims that "[t]hese errors are plain, and equate to ineffectiveness of counsel which affect Lee's substantial rights." Id. at 6. For relief, the petitioner requests that this Court grant his petition, vacate his sentence as a career offender,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

resentence him without the career offender designation, and grant him immediate release. Id. at 8. Lee also requests he be granted relief pursuant to Amendment 782,[2] for which he was previously ineligible. Id.

The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that the petition be denied and dismissed without prejudice. ECF No. 8. The magistrate judge informed the petitioner that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with copies of the report. Id. at 9. The petitioner filed timely objections. Id. at 10.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's report and recommendation to which an objection is timely made. Because the

---

[2]On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11 and Amendment 782 applies retroactively.

petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.  As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

III.  Discussion

On de novo review, this Court finds that the magistrate judge properly concluded that this Court is without jurisdiction to consider Lee's petition.  This Court agrees with the magistrate judge's finding that because Lee does not satisfy the savings clause of § 2255(e) under Wheeler,[3] his claim may not be considered under § 2241.  Further, when subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co v. Citizens for a Better Env't, 523 U.S. 83, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

In his report and recommendation, the magistrate judge correctly determined that the petitioner's § 2241 petition should be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241.  ECF No. 8 at 9.  The magistrate judge accurately found that because the petitioner is challenging the validity of his sentence, not his conviction, the

---

[3]United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

3

Court must apply United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective. Id. at 9. In the report and recommendation, the magistrate judge found that even assuming the petitioner could satisfy the first, second, and third prongs of the Wheeler test, Lee cannot meet the fourth prong. Id. at 8. The petitioner fails to establish that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be a fundamental defect, as the fourth prong requires. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the United States Court of Appeals for the Fourth Circuit determined that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker,[4] when the sentencing Guidelines were mandatory. Lester, 909 F.3d at 714. The magistrate judge next cites Foote,[5] which would bar Lee's petition, as he was sentenced under the advisory Guidelines. ECF No. 8 at 8. The magistrate judge

---

[4] In United States v. Booker, the Supreme Court determined that the United States Sentencing Guidelines were advisory. 543 U.S. 220 (2005).

[5] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit determined that a misclassification as a career offender under the advisory Guidelines at sentencing was not cognizable under § 2255. The Foote court determined that a district court lacks authority to review an alleged sentencing error that is neither constitutional nor jurisdictional, unless it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice" and that a misclassification of a petitioner as a career offender under the advisory guidelines does not result in a fundamental defect that can be categorized as a miscarriage of justice. Id. at 940, 944.

4

concluded that subject-matter jurisdiction does not exist in this Court because the petitioner was sentenced under the post-Booker, advisory Guidelines, and "regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and therefore, fails to satisfy the § 2255(e) savings clause." Id. Additionally, the magistrate judge noted in his report and recommendation that petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy just because his previous § 2255 petition was unsuccessful. Id. at 9. Upon de novo review of the petitioner's argument and the report and recommendation, this Court agrees.

The petitioner filed objections in a response to the magistrate's report and recommendation. ECF No. 10. To start, the petitioner makes a valid objection when he notes the magistrate judge "incorrectly states that Lee does not raise the savings clause." Id. at 1. This Court finds that the petitioner properly raised the "savings clause" argument in his original complaint. See ECF No. 1 at 9. However, upon further review, this Court finds that despite this erroneous statement, the magistrate judge did conduct an appropriate analysis of the petitioner's claims pursuant to Wheeler.

In the remainder of the petitioner's objections, he uses multiple arguments to claim that he satisfies the fourth prong of

5

Wheeler, because due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be a fundamental defect. ECF No. 10. First, the petitioner claims that his determination as a career offender classification was a plain error. Id. at 2. Second, the petitioner objects to the magistrate judge's finding that his sentence was determined under the advisory Guidelines, instead arguing that his incorrect sentence is due to a statutory enhancement. Id. Third, the petitioner argues that he satisfies the fourth prong of Wheeler because without the career offender status, his sentence "becomes a grave miscarriage of justice, and a fundamental defect." ECF No. 10 at 3. Ultimately, petitioner contends that this Court should "rule on the merits of his 2241 motion, void his career offender enhancement due to his illegal sentence and recognize his claim of actual innocence and ineffectiveness of counsel." Id. at 4.

Upon de novo review, this Court finds that although petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. In petitioner's argument regarding the statutory basis of the career offender classification, he overlooks the importance of the advisory nature of the sentencing guidelines after the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

Because petitioner is not challenging his conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not

apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences. This Court finds that the magistrate judge properly analyzed the petitioner's petition accordingly.

In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme

7

Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

This Court finds that the petitioner cannot meet the fourth prong of <u>Wheeler</u>, because he fails to establish that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be a fundamental defect. As the magistrate judge correctly noted, under <u>Foote</u>, the Fourth Circuit determined a misclassification as a career offender that used the advisory guidelines, as in the petitioner's case, was not a fundamental defect. ECF No. 8 at 10. This Court finds that because petitioner fails satisfy all four prongs of the <u>Wheeler</u> test, he does not demonstrate that § 2255 is an inadequate or ineffective remedy. For this reason, the petitioner's claims may not be considered under § 2241, and this Court is without jurisdiction to consider the petition. As to petitioner's request for relief under Amendment 782, this Court concludes that the magistrate judge properly determined "[t]o the extent that Lee may be entitled to relief under this amendment, he must file a motion with his sentencing court." <u>Id.</u> at 10 n.3. This Court has conducted an appropriate <u>de novo</u> review of petitioner's objections and finds that they are without merit.[6] Thus, this Court upholds the

---

[6] In the report and recommendation, the magistrate judge referenced "White's Claims" as the title of Section D. <u>See</u> ECF No. 8 at 3. However, on <u>de novo</u> review, this Court finds that the magistrate judge conducted an appropriate analysis of the instant petition and Lee's claims.

8

magistrate judge's recommendation and overrules the petitioner's objections.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 8) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's objections (ECF No. 10) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 2, 2019

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE